**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

DOLORIS T.,

    Plaintiff,

    v.                                                        Case No. 4:18-cv-12

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security,

    Defendant.

**OPINION AND ORDER**

Plaintiff Doloris T. seeks judicial review of the decision denying her disability benefits and asks this Court to remand the case. For the reasons below, this Court remands the ALJ's decision.

**A.    Overview of the Case**

Plaintiff alleges that she became disabled on January 1, 2010. (R. at 159.) She meets insurance requirements through September 30, 2015. (R. at 159.) Before filing for disability, Plaintiff worked with various home healthcare providers as a home health aide from 1998 until 2010. (R. at 150-53.) Plaintiff claims disability as of January 1, 2010, due to a combination of damage to her knees as well as a near-total tear of the supraspinatus. (R. at 44.) The Administrative Law Judge ("ALJ") found that Plaintiff was able to perform a number of jobs in the national and local economy. (R. at 26.) As a result, the ALJ denied her disability benefit request on August 26, 2016. (R. at 27.)

**B.     Standard of Review**

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

**C.     Disability Standard**

To determine eligibility for disability benefits under the Social Security Act, the ALJ will perform a five-step inquiry:

> "(1) whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether he can perform his past relevant work; and (5) whether the claimant is capable of performing any work in the national economy."

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012).

The burden of proof resides with the claimant for the first four steps, shifting to the Commissioner for determination of disability at step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

**D.     Analysis**

Plaintiff asserts the ALJ committed reversible error in assessing an RFC which did not include her limitations from her tear of the supraspinatus (Pl.'s Br. at 1). The ALJ is required to consider all the relevant available medical evidence. *Garfield v. Schweiker*, 732 F.2d 605, 609 (7th Cir. 1984). The ALJ must also build an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). Here, the ALJ mentions the tear of the supraspinatus, but fails to assess the impact of this severe tear upon Plaintiff's RFC. (R. at 23). This does not meet the requirement of providing a "logical bridge" as required to follow the ALJ's analysis.

Further, the ALJ notes that while there is "no evidence of the claimant undergoing right shoulder surgery . . . lack of complaints related to right shoulder pain since . . . June 2014 suggests that any surgical intervention was successful." *Id.* This statement implies that the ALJ considered a possibility that surgical intervention took place without any underlying evidence of such surgery. The ALJ is not permitted to "cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding." *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010). Implying that a lack of further complaints suggests that successful surgical intervention may have taken place is a step beyond the cherry-picking of certain facts in evidence forbidden by *Denton* and implies that the ALJ has considered facts not in evidence at all. *Id.* Certainly, this speculation is not a logical bridge between the evidence and the ALJ's decision as required by *Thomas*. *Thomas*, 745 F.3d at 806.

Finally, while the ALJ may draw inferences about the claimant's condition on the basis of lack of treatment, this requires the ALJ to explore claimant's explanations for lack of medical care. *Beardsley v. Colvin*, 758 F.3d 834, 840 (7th Cir. 2014). In *Beardsley,* similar to the

instance case, the ALJ made no "attempt to determine why Ms. Beardsley elected not to have expensive and invasive surgery." *Id.* Here, the ALJ also did not inquire as to why Plaintiff did not elect to have surgery on her shoulder, nor did the ALJ inquire as to whether she had already had surgery. Additionally, as in *Beardsley*, Plaintiff also complained of worsening pain from her condition with no contradictory evidence that this pain from the tear of the supraspinatus was ever alleviated via surgery or otherwise. (R. at 362). As a result, the ALJ drew inferences about Plaintiff's lack of further care without sufficiently exploring the reasons for that lack of care.

E.     Conclusion

The ALJ failed to draw a logical bridge between the evidence of a severe tear of the supraspinatus and the RFC findings. Further, the ALJ improperly implied facts not present in the medical record in support of his conclusion. For these reasons, the Court remands the ALJ's decision for further consideration consistent with this opinion.

SO ORDERED on August 22, 2019.

S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE