# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| DOLORIS L. TYSON, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 4:18-CV-12-JVB-JEM |
| | ) |
| ANDREW M. SAUL, Commissioner of the | ) |
| Social Security Administration, | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on a Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) [DE 25], filed by Plaintiff Doloris L. Tyson on November 20, 2019. On December 2, 2019, the Commissioner filed a response indicating that he does not oppose the motion.

On August 22, 2019, the Court reversed the decision of the Commissioner and remanded this matter. The Equal Access to Justice Act ("EAJA") allows a prevailing plaintiff to recoup reasonable attorney fees incurred in litigation against the Commissioner of Social Security "unless the court finds that the position of the [Commissioner] was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The fee application must be filed within thirty days of a court's final judgment and must satisfy the following requirements: (1) a showing that the applicant is a "prevailing party;" (2) a showing that the applicant is "eligible to receive an award;" (3) a showing of "the amount sought, including an itemized statement from any attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed;" and (4) an "alleg[ation] that the position of the [Commissioner] was not substantially justified." 28 U.S.C. § 2412(d)(1)(B); *see also Scarborough v. Principi*, 541 U.S. 401, 405 (2004); *United States v.*

*Hallmark Constr. Co.*, 200 F.3d 1076, 1078-79 (7th Cir. 2000) (setting forth the elements of § 2412(d)(1)(A) & (B)).

"A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees." 28 U.S.C. § 2412(d)(1)(B). A final judgment is a "judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G). Plaintiff filed the instant Motion on November 20, 2019, which is within the period in which to file a petition for fees.

Having won remand, Plaintiff is a "prevailing party" under the EAJA. *Grieves v. Astrue*, 600 F. Supp. 2d 995, 999 (N.D. Ill. 2009). Further, there is no objection to the representation that Plaintiff's net worth does not exceed two million dollars. Next, the Commissioner bears the burden of proof in showing that her litigation position was substantially justified. *U.S. v. Pecore*, 664 F.3d 1125, 1131 (7th Cir. 2011). The Commissioner did not file a substantive response brief. Thus, the Court cannot find that her position was substantially justified.

Plaintiff's attorney has the burden of proving that the EAJA fees sought are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); 28 U.S.C. § 2412(d)(1)(B). Plaintiff seeks a total of $2,432.75 in attorney's fees representing 13.15 hours of attorney time spent during 2018 and 2019 at the rate of $185 per hour. Plaintiff also seeks $400.00 in case expenses. Having reviewed the supporting documentation and given the lack of objection by the Commissioner, the Court finds that these costs, rates, and the hours worked are reasonable.

Accordingly, having reviewed the instant Motion and noting the lack of objection by the Commissioner, the Court hereby **GRANTS** the Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) [DE 25]. The Court awards Plaintiff a total of $2,432.75 in attorney's fees and $400.00 in costs in satisfaction of all of Plaintiff's claims under

the EAJA. The agency will direct the fee payment to Plaintiff's attorney in accordance with the fee agreement with Plaintiff, provided Plaintiff does not owe a debt subject to federal offset.

SO ORDERED on December 4, 2019.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT